**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01384-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Hector Francisco Ramirez-Roman, | |
| Defendant. | |

Before the Court is Defendant's "Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based on the 2025 Sentencing Commission Amendment for Drug Offenders with Minimal Participation" ("Motion for Sentence Reduction") (Doc. 70). Defendant argues he is eligible for a sentence reduction under Amendment 833 to the U.S. Sentencing Guidelines, which instructs courts on the application of a mitigating role adjustment under U.S.S.G. § 3B1.2 in drug trafficking cases.

Under U.S.S.G. § 3B1.2, courts are instructed to decrease a defendant's offense level if he was a minimal or minor participant in any criminal activity. Typically, "this guideline is not applicable unless more than one defendant was involved in the offense." § 3B1.2 cmt. Amendment 833, however, added special eligibility for defendants in drug trafficking cases: "In addition to the circumstances identified in § 3B1.2, an adjustment under § 31B.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function," including serving as a courier. § 2D1.1(e)(2)(B). Under this provision, most of the requirements of § 3B1.2 apply, "except

that[, relevant here,] the adjustment shall apply regardless of whether the offense involved other participants in addition to the defendant." *Id.*

At first glance, it appears § 2D1.1(e)(2)(B) could apply to Defendant.[1] But under the Sentencing Guidelines,

> [i]n a case in which a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (d) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

§ 1B1.10(a)(1) (emphasis added). The Commentary to § 1B1.10 explicitly states, "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in subsection (d)*." § 1B1.10(a) cmt. (emphasis added). Subsection d does not include Amendment 833 among the amendments that apply retroactively. § 1B1.10(d).

In the Ninth Circuit, courts "consider three factors when assessing whether an amendment to the Guidelines applies retroactively": (1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10(d); (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split. *United States v. Tolbert*, 704 F. App'x 646, 648 (9th Cir. 2017) (quoting *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016)). Amendment 833 is not listed under § 1B1.10(d), it inserted a substantive addition to (rather than clarification of) § 2D1.1, and it did not purport to resolve a circuit split. Under these factors, Amendment 833 is not retroactive, and Defendant is not eligible for a sentence reduction on this basis.

///
///
///
///
///

---

[1] Whether a defendant is eligible for a decrease in offense level under § 2D1.1(e)(2)(B) is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." Here, because Amendment 833 does not apply retroactively, the Court need not make a substantive judgment on the extent to which it would have adjusted Defendant's sentence, if at all.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion for Sentence Reduction (Doc. 70).

Dated this 23rd day of December, 2025.

John C. Hinderaker
United States District Judge